1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JULIAN J. ALEXANDER,                    No.  2:21-cv-01390-CKD P

12                    Plaintiff,

13            v.                              ORDER

14    MUNGUIA, et al.,

15                    Defendants.

16

17          Plaintiff is a state inmate proceeding pro se and in forma pauperis in this civil rights action

18    filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302

19    pursuant to 28 U.S.C. § 636(b)(1).

20          Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a

21    declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

22    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26    month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27    the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28    exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

                                                    1

## I.       Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.      Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate in the Psychiatric Security Housing Unit or "PSU" at California State Prison-Sacramento ("CSP-Sac").

2

On October 5, 2020, plaintiff decided to "paper up all of his cell windows" which is designed to block all views into his cell.  ECF No. 1 at 9.  After a correctional officer failed to make visual contact with plaintiff, multiple officers responded to the unit including defendants Munguia, Rodriguez, and Britton.  Defendant Munguia supervised and issued directives to other CDCR staff while defendant Britton responded with a modified food port to attach to plaintiff's cell.  Defendant Rodriguez arrived with a MK-9 O.C. spray in his hand.  ECF No. 1 at 10.  After the modified food port was attached to plaintiff's cell by defendant Britton, visual contact with plaintiff was made.  Id.  However, before the modified food port could be removed from his cell, plaintiff stuck his hand into the opening which prevented its removal.  Id.  Defendant Munguia told plaintiff to remove his hand or he would be sprayed with pepper spray.  Id. at 11.  "[L]ess than 4 seconds later," defendant Rodriguez sprayed plaintiff with the O.C. pepper spray.  Id.  Fearing for his safety, plaintiff remained in his cell rather than be decontaminated.  Id.  As a result, plaintiff suffers persistent chest pain and ongoing shortness of breath.

In his second claim for relief, plaintiff alleges that defendant Moseley enabled the Appeals Office at CSP-Sac "to obstruct and delay plaintiff's ability to exhaust the [administrative] appeal" process prior to filing this action.  ECF No. 1 at 16.  Plaintiff sent multiple complaints to the Appeals Office informing them of the delay in processing his appeal, but was finally informed that the time to file an administrative appeal had passed.  Id. at 16.  Plaintiff alleges that he complied with all applicable deadlines, but the entire administrative appeal system at CSP-Sac is "arbitrary and corrupt."  Id.

### III.    Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

#### A.  Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct.").  When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C.  Access to Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate.  Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011).  Prisoners also enjoy some degree of First Amendment rights in their legal correspondence.  Bounds v. Smith, 430 U.S. 817, 824-25 (1977).  However, to state a viable claim for relief, plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  Lewis v. Casey, 518 U.S. 343, 349 (1996).

### IV.    Analysis

After conducting the required screening, the court finds that plaintiff sufficiently alleges an Eighth Amendment excessive force claim against defendants Munguia and Rodriguez.

4

1  Defendant Britton's placement of a modified food port on plaintiff's cell is not sufficient to

2  constitute an Eighth Amendment claim for the use of excessive force.  The complaint does not

3  link defendant Moseley to any of the asserted constitutional violations.  His position as the

4  Director of the Office of Appeals does not make him liable for the constitutional violations of his

5  subordinates.  See Iqbal, 556 U.S. at 677.  Thus, plaintiff may choose to proceed on the claims

6  found cognizable against defendants Munguia and Rodriguez or he may attempt to cure the

7  defects in his pleading by filing a first amended complaint.  Plaintiff has been provided with the

8  applicable legal standards for these claims and will be given an opportunity to file an amended

9  complaint to attempt to cure the defects in his pleading should he choose to do so.

10      Plaintiff may elect to amend his complaint to attempt to cure the deficiencies identified in

11  this screening order.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)

12  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

13  their complaints).  If plaintiff chooses to proceed on the Eighth Amendment excessive force claim

14  against defendants Munguia and Rodriguez found cognizable in this screening order, the court

15  will construe this as a request to voluntarily dismiss the additional claims and defendants pursuant

16  to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

17      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

18  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

19  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in

20  specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

21  § 1983 unless there is some affirmative link or connection between a defendant's actions and the

22  claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

23  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

24  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to

26  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

27  complaint be complete in itself without reference to any prior pleading.  This is because, as a

28  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

1   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

2   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

3   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4       **V.**    **Plain Language Summary for Pro Se Party**

5       The following information is meant to explain this order in plain English and is not

6   intended as legal advice.

7       Some of the allegations in the complaint state claims for relief against the defendants, and

8   some do not.  You must decide if you want to (1) proceed immediately on the Eighth Amendment

9   excessive force claims against defendants Munguia and Rodriguez; or, 2) amend the complaint to

10  fix the problems identified in this order with respect to the remaining claims and defendants.

11  **Once you decide, you must complete the attached Notice of Election form by checking only**

12  **one box and returning it to the court.**

13      Once the court receives the Notice of Election, it will issue an order telling you what you

14  need to do next.  If you do not return this Notice, the court will order service of the complaint

15  only on the claims found cognizable in this screening order and will recommend dismissing the

16  remaining claims.

17      Accordingly, IT IS HEREBY ORDERED that:

18      1.  Plaintiff has the option to proceed immediately on the Eighth Amendment excessive

19          force claims against defendants Munguia and Rodriguez.  In the alternative, plaintiff

20          may choose to amend the complaint to fix the deficiencies identified in this order with

21          respect to the remaining claims and defendants.

22      2.  Within 21 days from the date of this order, plaintiff shall complete and return the

23          attached Notice of Election form notifying the court whether he wants to proceed on

24          the screened complaint or whether he wants time to file a first amended complaint.

25      3.  If plaintiff fails to return the attached Notice of Election within the time provided, the

26          court will construe this failure as consent to dismiss the deficient claims and proceed

27          only on the cognizable claims identified above.

28      4.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.

5. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections and Rehabilitation filed concurrently herewith.

Dated: November 4, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/alex1390.option.docx

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JULIAN J. ALEXANDER,                    No.  2:21-cv-01390-CKD

12            Plaintiff,

13    v.                                      NOTICE OF ELECTION

14    MUNGUIA, et al.,

15            Defendants.

16

17    **Check only one option:**

18    _____   Plaintiff wants to proceed immediately on the Eighth Amendment excessive force claims

19    against defendants Munguia and Rodriguez.  Plaintiff voluntarily dismisses the remaining claims

20    and defendants; **OR**

21    _____   Plaintiff wants time to file a first amended complaint.

22

23    DATED:

24

25

26                                              _____
                                                Plaintiff
27

28
                                    8