UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>    Plaintiff,<br><br>    v.<br><br>MUNGUIA, et al.,<br><br>    Defendants. | No. 2:21-cv-01390-KJM-CKD<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on an Eighth Amendment excessive force claim against defendants Munguia and Rodriguez and a First Amendment retaliation claim against defendant Britton as alleged in plaintiff's second amended complaint. See ECF Nos. 14 (amended complaint), 15 (screening order).

Currently pending before the court is plaintiff's motion to compel discovery from defendants. ECF No. 37. Defendants have filed an opposition, and plaintiff has filed a reply. ECF Nos. 40, 43. Therefore, the motion has been fully briefed. For the reasons explained below, the court will deny plaintiff's motion to compel.

**I.    Motion to Compel**

In his motion to compel, plaintiff indicates that he has not received defendants' responses to his requests for production of documents which were due by February 7, 2023. ECF No. 37;

1

see also ECF No. 36 (order granting defendants' motion for an extension of time to respond). Plaintiff attached a copy of his discovery requests to the motion to compel. ECF No. 37 at 12-16. Based on their failure to file a timely response, plaintiff requests that defendants be deemed to have waived any objections to his requests for production of documents.

In their opposition, defendants submit that they "served their responses to Plaintiff's first set of requests for the production of documents on February 7, 2023, along with documents bates stamped AGO-0001 to AGO-0273 and two video files saved to DVD." ECF No. 40 at 1-2. Defendants attached a proof of service for their responses indicating that the materials were mailed to plaintiff at Corcoran State Prison. ECF No. 40 at 25-26.

On March 29, 2023, plaintiff filed a reply that does not address defendants' averment that the discovery responses were timely served. ECF No. 43. Instead, plaintiff indicates that his requests were "appropriate and within the scope of discoverable information and materials." ECF No. 43 at 2.

**II.     Legal Standards**

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. See Williams v. Cate, 2011 WL 6217378 at *1 (E.D. Cal. Dec.14, 2011), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar.27, 2008).

/////

### III. Analysis

In this case, plaintiff's motion was based entirely on defendants' purported lack of response to his request for production of documents. After reviewing defendants' proof of service attached to their opposition along with plaintiff's pending partial motion for summary judgment[1], it is clear to the court that plaintiff received defendants' responses to his request for production of documents. Plaintiff has not indicated how defendants' responses are inadequate or their objections not justified. Therefore, plaintiff has not met his burden of demonstrating that a motion to compel is warranted in this case.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (ECF No. 37) is denied.

Dated: May 11, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/alex1390.m2compel

---

[1] Plaintiff attached many of the documents he received from defendants in discovery to his motion for summary judgment. See ECF No. 39 at 27-79 (Bate stamped documents).