UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER, | No. 2:21-cv-01390-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| MUNGUIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 7, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. F&R, ECF No. 56. Neither party has filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey,* 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court

/////

1

. . . ."). Having reviewed the file, the court declines to adopt the magistrate judge's findings and recommendations as to defendant Officer Munguia.

The magistrate judge found plaintiff "merely seeks summary judgment with respect to defendant Munguia for warning plaintiff that pepper spray would be used if he failed to comply with the order to release the food port." F&R at 9. But plaintiff's claim against defendant is not so narrow: plaintiff also asserts Officer Munguia stood by and allowed Officer Rodriguez to violate plaintiff's rights when he pepper-sprayed plaintiff. ECF No. 39 at 11. A supervisor "is liable under § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)).

However, for the reasons described by the magistrate judge, F&R at 10, plaintiff's claim against Officer Munguia is barred by the *Heck* doctrine, articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994). In short, plaintiff's allegations are at odds with the disciplinary report that resulted in his conviction. *Compare* ECF No. 14 *with* Incident Report package at 52, ECF No. 39. Because plaintiff's "success would necessarily invalid[ate] the result of the disciplinary" report and conviction, plaintiff's claim is barred. *Burton v. Chenoweth*, No. 2:14-CV-2331, 2015 WL 7758476, at *3 (E.D. Cal. Dec. 2, 2015). Because dismissal under the *Heck* doctrine is without prejudice, *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016), the court declines to adopt the magistrate judge's recommendation to dismiss Officer Munguia with prejudice.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations filed September 7, 2023, are adopted in full.
2. Plaintiff's partial motion for summary judgment (ECF No. 39) is denied.
3. Defendants' motion for summary judgment (ECF No. 46) is granted.
4. Defendants Britton, Rodriguez and Munguia be dismissed from this action without prejudice.

/////

5. The Clerk of Court enter judgment as indicated herein.

DATED: October 10, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE